```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA

                 CASE NO. 08-60258-CIV-ZLOCH
```

MARION A. ADAMS-LUTTS,

    Plaintiff,

vs.                                                **O R D E R**

GREGORY J. BROWNE and CITICORP
INVESTMENT SERVICES,

    Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiff Marion A. Adams-Lutts's Motion For Remand (DE 2). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    In the instant Motion (DE 2), Plaintiff argues that the above-styled cause should be remanded because Defendant Gregory Browne's (hereinafter "Browne") Notice Of Removal (DE 1) was untimely pursuant to 28 U.S.C. § 1446(b). Specifically, Plaintiff alleges and Browne concedes that he received a copy of the state court complaint by certified mail on December 29, 2007. Therefore, Plaintiff argue that Browne violated the thirty-day time limit for removal by not filing his Notice Of Removal until February 26, 2008. 28 U.S.C. § 1446(b) (2006). Defendant opposes the instant Motion by claiming that he did not receive personal service of said complaint as required by Florida state law.

    Pursuant to § 1446(b), "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order or other paper

from which it may first be ascertained that the case is one which is or has become removable." Id.  The Supreme Court reversed an Eleventh Circuit opinion, which held that "the clock starts to tick upon the defendant's receipt of a copy of the filed initial pleading." Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 349 (1999)(quoting Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 125 F.3d 1396, 1399 (1997)).  Instead, the Supreme Court held that the clock starts running only after service of process has been effected, and it reasoned that ordinarily a court cannot exercise power over a party who has not been served with process.  Id. at 350.  In the instant case, Browne has not yet received service of process, and thus, for purposes of § 1446(b), the clock has not begun ticking.  Therefore, Browne's Notice Of Removal (DE 10) was timely filed on February 25, 2008.

Accordingly, and after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Marion A. Adams-Lutts's Motion For Remand (DE 2) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    7th     day of April 2008.

/s/ William J. Zloch
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record